**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3733-17T2

LAKEVIEW LOAN
SERVICING, LLC,

     Plaintiff-Respondent,

v.

ERWIN L. HILTON
and DHRUWA HILTON,

     Defendants-Appellants.

_____

Submitted March 27, 2019 – Decided May 9, 2019

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-049107-14.

Erwin L. Hilton and Dhruwa Hilton, appellants pro se.

Mc Cabe Weisberg & Conway, LLC, attorneys for respondent (James A. French, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendants Erwin L. Hilton and Dhruwa Hilton appeal from the March 2, 2018 order denying their motion to vacate the sheriff's sale of their property. After a review of defendants' contentions in light of the record and applicable legal principles, we affirm.

In 2013, defendants executed a note to Discover Home Loans, Inc. (Discover), which was secured by a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) on defendants' residential property. In 2014, MERS assigned the mortgage to Sun West Mortgage Company, Inc. (Sun West), which in turned assigned the mortgage to plaintiff Lakeview Loan Servicing, LLC in 2015.

Defendants defaulted on the note and mortgage in May 2014. Sun West filed a complaint for foreclosure in November 2014. After defendants failed to file a responsive pleading, default was entered in February 2015. In January 2016, the trial court permitted Lakeview to substitute in as plaintiff.

Plaintiff's uncontested final judgment motion was granted in December 2016, and the court issued a writ of execution directing the sale of the property. Plaintiff purchased the property at the sheriff's sale in February 2018. Thereafter, defendants moved to vacate the sale, alleging the sale price was inadequate and plaintiff lacked standing to bring the property to a sheriff's sale.

A-3733-17T2

In an oral decision and accompanying order of March 2, 2018, the judge denied defendants' motion, finding plaintiff had standing to bring the foreclosure action and the sale was properly conducted.

On appeal, defendants contend: 1) the mortgage was not properly recorded; 2) the trial court did not have in personam jurisdiction over defendants; 3) plaintiff's counsel violated the Rules of Professional Conduct by not correcting the trial judge after he misspoke during a hearing; 4) defendants were fraudulently induced into executing the mortgage; 5) plaintiff lacked standing to bring the foreclosure action as their assignment did not predate the complaint; 6) defendants did not receive proper notice of the sheriff's sale; and 7) the sheriff's sale was unconstitutional because it was a government taking that did not provide defendants with just compensation. We are unpersuaded by these arguments.

We will set aside the denial of a motion to vacate a sheriff's sale only when a clear abuse of discretion by the trial court has been shown. R. 4:65–5; U.S. v. Scurry, 193 N.J. 492, 503 (2008). We will not substitute our judgment or discretion for that of the trial court, unless the trial court has made a decision "without a rational explanation, inexplicably departed from established policies,

3

or rested on an impermissible basis." Scurry, 193 N.J. at 504 (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

It is well-established that in order to have standing in a foreclosure action, the "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327–28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216, 225 (App. Div. 2011)).

Here, we are satisfied plaintiff established a prima facie case for foreclosure. Sun West clearly demonstrated its standing to foreclose on the property because the assignment of the mortgage from MERS to Sun West predated the filing of the foreclosure complaint. Upon that assignment, and underlying transfer of possession, Sun West became the holder of the instrument.

The substitution of Lakeview as plaintiff under Rule 4:34-3 did not nullify its standing to pursue the foreclosure action. See R. 4:34-3 ("In case of any

4

transfer of interest, the action may be continued by . . . the person to whom the interest is transferred.").  Defendants have not demonstrated a clear abuse of discretion by the trial court in its determination to deny the motion to vacate the sheriff's sale.

Defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3733-17T2